UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-01226-JAK (PVCx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Sheryl Pulver v. Nissan North America, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 20)

**I.    Introduction**

On January 13, 2025, Sheryl Pulver ("Pulver" or "Plaintiff") brought this action against Nissan North America, Inc. ("Nissan" or "Defendant"), and Does 1–100, in the Los Angeles Superior Court, asserting claims arising from Plaintiff's purchase of a Nissan LEAF from Defendant. Dkt. 1-1 at 10.[1] The Complaint advances six causes of action: (1) Violation of Cal. Civ. Code § 1793.2(d); (2) Violation of Cal. Civ. Code § 1793.2(b); (3) Violation of Cal. Civ. Code § 1793.2(a)(3); (4) Breach of Express Written Warranty (Cal. Civ. Code §§ 1791.2(a), 1794); (5) Breach of Implied Warranty of Merchantability (Cal. Civ. Code §§ 1791.1, 1794); and (6) Violation of Tanner Consumer Protection Act (Cal. Civ. Code § 1793.22 et. seq.). *See* Dkt. 1-1 at 12–17 ¶¶ 9–48. On February 12, 2025, Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1446. Dkt. 1.

On May 5, 2025, Plaintiff filed a Motion to Remand ("Motion"). Dkt. 20. On May 15, 2025, Defendant filed an opposition. Dkt. 21. On May 27, 2025, Plaintiff filed a reply. Dkt. 24. Pursuant to Local Rule 7-15, the Motion was taken under submission. Dkt. 25. For the reasons stated in this Order, the Motion is **DENIED**.

**II.    Background**

    A.    Parties

It is alleged that Plaintiff is an individual who resides in Granada Hills, California. Dkt. 1-1 at 11 ¶ 2. It is alleged that Defendant is a corporation organized and in existence under the laws of Delaware. *Id.* ¶ 4.

    B.    Allegations in the Complaint

It is alleged that on April 3, 2022, Plaintiff purchased a 2019 Nissan LEAF with the vehicle identification number 1N4BZ1CP3KC309370 (the "Vehicle"). Dkt. 1-1 at 12 ¶ 10. It is alleged that Defendant

---

[1] Pursuant to Local Rule 19-1, Does 11-100 were dismissed. Dkt. 15 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01226-JAK (PVCx) | Date | June 25, 2025 |
| Title | Sheryl Pulver v. Nissan North America, Inc., et al. | | |

manufactured and/or distributed the Vehicle. *Id.* It is alleged that Plaintiff received an express written warranty for the vehicle that included repair services for defects. *Id.* ¶ 11. It is alleged that during the warranty period, the Vehicle contained or developed several defects including: defective backup camera, defective lithium-ion battery and defective electrical components. *Id.* ¶ 12. It is alleged that Defendant has not serviced the Vehicle in conformance with the requirements of the express warranties. *Id.* ¶ 13. It is alleged that Plaintiff has been damaged by Defendant's failure to repair the Vehicle. *Id.* at 12–14, 15, 16 ¶¶ 14, 21, 24, 28, 34.

### III.   Analysis

####    A.    Legal Standards

Except as prohibited by Congress, any civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the defendant's jurisdictional allegations made in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (quoting *Salter*, 974 F.3d at 964 (internal quotation marks omitted)).

In response to a facial challenge, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). Thus, when the moving party does not contest the factual allegations made in the removal notice but instead asserts that those allegations are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Only upon a factual attack must a defendant support its allegations with competent and admissible evidence that establishes them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-01226-JAK (PVCx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Sheryl Pulver v. Nissan North America, Inc., et al. | | |

any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    B.    Application

        1.    <u>Diversity of Citizenship</u>

To justify removal based on diversity jurisdiction, the removing party has the burden of pleading minimal diversity. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Complete diversity of citizenship is required, *i.e.,* "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). With respect to diversity jurisdiction, an individual is a citizen of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her permanent home, which is where he or she resides with the intention to remain or to which he or she intends to return. *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

The Notice of Removal alleges that "Plaintiff is a citizen of California and resident of Los Angeles County." Dkt. 1 at 5. The Notice of Removal alleges that, because Defendant is incorporated in Delaware and has its principal place of business in Tennessee, it is a citizen of both of those states. *Id.* Plaintiff does not dispute that there is diversity of citizenship.

It is undisputed that these allegations are sufficient to establish diversity of citizenship. 28 U.S.C. § 1446(a) (the grounds for removal in a notice of remove need only be "a short and plain statement"); *see In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, MDL No. 2672-CRB, 2019 WL 670608, at *4 (N.D. Cal. Feb. 19, 2019) (allegations that "Plaintiff is a citizen and resident of California" were sufficient to survive a facial challenge to diversity jurisdiction).

Because it has been sufficiently alleged that Defendant and Plaintiff are citizens of different states, the diversity of citizenship requirement is satisfied.

        2.    <u>Amount in Controversy</u>

When an action is removed based on diversity jurisdiction, the removing party also bears the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

The amount in controversy is assessed at the time of removal. *Id.* at 417. Thus, it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01226-JAK (PVCx) | Date | June 25, 2025 |
| Title | Sheryl Pulver v. Nissan North America, Inc., et al. | | |

complaint if the plaintiff is victorious." *Id.* at 415. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89 (citing 28 U.S.C. § 1446(a)). If the plaintiff contests the defendant's allegation, then the defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). The parties "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

      (a)    Actual Damages

The Complaint seeks damages under the Song-Beverly Act. Dkt. 1-1 at 13. Under that statute, actual damages include "restitution in an amount equal to the actual price paid or payable by the buyer," reduced by "[t]he amount directly attributable to use by the buyer" prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty. Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The actual price paid or payable by the buyer includes "any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees." Cal. Civ. Code § 1793.2(d)(2)(B). The actual price paid or payable by the buyer also includes any finance charges that have been paid. *See Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37 (2000).

The set-off amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle" for correction of the problem. Cal. Civ. Code § 1793.2(d)(2)(C).[2] The equation is: (X/120,000) multiplied by the price paid or payable for the vehicle, where X is the number of miles driven prior to the time the vehicle was first delivered for repair. *See id.*

The Complaint does not include allegations as to the total amount of actual damages. In the Notice of Removal, Defendant alleges that Plaintiff purchased the Vehicle for $41,004.16. Dkt. 1 at 7. It is alleged

---

[2] In general, the amount in controversy calculation does not take into account affirmative defenses, counterclaims and potential offsets. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (the complaint's disclosure of "the existence of a valid defense to the claim" cannot be grounds for showing failure to meet the amount-in-controversy threshold). However, with respect to the amount attributable to the buyer's use of the vehicle under Cal. Civ. Code § 1793.2(d)(2)(C), the Ninth Circuit has held that this "use offset" is properly included in determining the jurisdictional amount. *Schneider v. Ford Motor Co.*, 756 Fed. App'x. 699, 701 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-01226-JAK (PVCx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Sheryl Pulver v. Nissan North America, Inc., et al. | | |

that the total cash price of the Vehicle is $31,000. *Id.* It is alleged that when Plaintiff purchased the Vehicle on April 3, 2022, the odometer showed 351 miles. *Id.* It is alleged that Plaintiff first presented the Vehicle to a dealership for repair on May 13, 2022, at which time the odometer showed 950 miles. *Id.* It is alleged that Plaintiff's use of the Vehicle prior to the discovery of the alleged nonconformity is 599 miles. *Id.* It is alleged that dividing 599 by 120,000 and multiplying this by the cash price of the Vehicle results in an estimated mileage offset of $154.74. *Id.* It is alleged that the actual damages is $40,849.42 ($41,004.16 – $154.74 = $40,849.42). *Id.*

Plaintiff contends that the total cash price listed in the contract, $31,000.00, should be used as the initial amount for the calculation of actual damages. Dkt. 20 at 7. The text of the Song-Beverly Act directly contradicts Plaintiff's position. *See Nealy v. FCA US LLC*, No. 2:21-cv-06552-MEMF-SHKx, 2022 WL 1210970, at *4 (C.D. Cal. Apr. 22, 2022) ("Under the Song-Beverly Act, actual damages are equal to the actual price paid or payable by the buyer[.]") (citing Cal. Civ. Code § 1793.2(d)(2)(B)-(C)) *see also Amavizca v. Nissan N. Am., Inc.*, No. ED CV22-02256-JAK (KKx), 2023 WL 3020489, at *4 (C.D. Cal. Apr. 19, 2023) (the actual damages are the total sales price where the defendant submitted a copy of the RISC showing the total sale price, the amount financed, the applicable interest rate, and the payment structure); *Solis v. Nissan N. Am. Inc.*, No. CV 24-00728-MWF (Ex), 2024 WL 1311275, at *4 (C.D. Cal. Mar. 27, 2024) (the actual damages to be total purchase price).

As noted above, the restitution awardable under § 1793.2(d)(2)(B) must be reduced by the amount directly attributable to use by the consumer, which is measured by miles driven, prior to the first repair (or attempted repair) pro-rated against a base of 120,000 miles. Cal. Civ. Code § 1793.2(d)(2)(B). Plaintiff disagrees with the mileage offset calculation. Dkt. 20 at 8–9. Plaintiff contends that the repair visit on May 13, 2022, concerned a defect not alleged in the Complaint. *Id.* at 8. Plaintiff argues that the appropriate mileage to use is from the April 3, 2022, repair visit when the odometer showed 2996 miles, which addressed issues forming the basis of the Complaint. *Id.* at 8–9. As a result, Plaintiff argues that the correct mileage offset amount is $683.29. *Id.* at 9.

In its opposition, Defendant agrees with Plaintiff that the mileage at the first repair visit for defects underlying the Complaint was 2996 miles. Dkt. 21 at 16 (citing Dkt. 21-1, Ex. B at 6–7). Therefore, Defendant agrees with Plaintiff that the proper offset amount is $683.29. *Id.*

Although not material to the issues addressed in this Order, the offset is actually $903.80. Plaintiff calculated the $683.29 amount by using the cash price of $31,000, instead of the total payable amount of $41,004.16. The X in the offset calculation is 2645 (2,996 miles – 351 miles). Therefore, the offset amount is $903.80 ((2645/120,000) x $41,004.16). Applying these figures shows that $40,100.16 less $903.80 is $39,196.36.

Based on Defendant's submissions, it is more likely than not that the Complaint seeks $39,196.36 in actual damages.

    (b)  Civil Penalties

Under the Song-Beverly Act, a plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages if a defendant's violations were willful. Cal. Civ. Code § 1794(c). The Complaint seeks the full amount of this civil penalty; it alleges that Defendant willfully refused to comply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01226-JAK (PVCx) | Date | June 25, 2025 |
| Title | Sheryl Pulver v. Nissan North America, Inc., et al. | | |

with the Song-Beverly Act. Dkt. 1-1 at 13 ¶ 16. Where a complaint alleges willful violations of the Song-Beverly Act and requests the imposition of the full penalty, courts have included the aforementioned maximum civil penalty in calculating the amount in controversy. *Amavizca*, 2023 WL 3020489, at *6 (collecting cases).

Plaintiff contends that Defendant presents no evidence that a civil penalty is likely to be awarded in this matter, let alone evidence justifying the maximum penalty. Dkt. 20 at 10. Plaintiff argues that Defendant does not meet its burden in showing that the amount in controversy is more likely than not satisfied because Defendant relies solely on Plaintiff's allegations in the Complaint. *Id.*

District courts in the Ninth Circuit have reached different outcomes as to whether a defendant can satisfy its burden as to willfulness by citing only to allegations in the complaint, or whether evidence must be proffered. *Compare Amavizca*, 2023 WL 3020489, at *6 (collecting cases), *with Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018). Ninth Circuit caselaw implies that the former approach is correct. *Chavez* explained that the amount in controversy "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." 888 F.3d at 415. Therefore, it is appropriate to consider only the sufficiency of the allegations in a complaint in assessing whether a claim of willfulness should be used in determining whether the amount in controversy is satisfied.

Defendant has shown that it is more likely than not that that the civil penalty is part of "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Id.* at 418. In its opposition, Defendant cites the following allegations in the Complaint:

> Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representatives were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

Dkt. 1-1 at 13 ¶ 16.

> In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to properly and completely repair the Vehicle, breaching the terms of the written warranty on each occasion.

*Id.* at 15 ¶ 27.

> Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-01226-JAK (PVCx) | Date | June 25, 2025 |
|---|---|---|---|
| Title | Sheryl Pulver v. Nissan North America, Inc., et al. | | |

*Id.* at 15 ¶ 29.

These allegations, if deemed true, would entitle Plaintiff to the civil penalty because they adequately allege willfulness. Further, Defendant has submitted a declaration from its counsel ("Salas Declaration") (Dkt. 21-1). Salas declares that the Vehicle was presented for repair at least seven times. Dkt. 21-1 ¶ 3. Defendant has also submitted evidence showing that the Vehicle was serviced at least seven times. *Id.*, Ex. B at 11–28. Salas also declares that, based on his prior experience defending claims brought under the Song-Beverly Act, plaintiffs pursue civil penalties when there are records of multiple repair presentations. *Id.* ¶ 4. In the reply, Plaintiff agrees that the Vehicle was in repair about seven times, and that civil penalties are available when there are multiple repairs. Dkt. 24 at 4. Plaintiff nonetheless contends that the amount of civil penalties remains speculative, and that Defendant cites no legal authority in support of calculating potential civil penalties as an amount up to twice the repurchase value. *Id.* Plaintiff's argument is not persuasive. The Song-Beverly Act itself permits civil penalties of up to twice the amount of actual damages if a defendant's violations were willful. Cal. Civ. Code § 1794(c).

The allegations of willfulness in the Complaint make it more likely than not that should Plaintiff prevail, she could receive the benefit of a civil penalty that is twice the amount of actual damages. Defendant has also proffered evidence in support of its position that the amount of a potential civil penalty was at issue at the time of removal. Therefore, it is appropriate to include potential civil penalties in calculating the amount in controversy calculation. With estimated actual damages of $39,196.36, the potential civil penalty at issue is approximately $78,392.72 ($39,196.36 x 2=$78,392.72).

Defendant has shown by a preponderance of the evidence the alleged actual damages and civil penalties total approximately $117,589.08. Plaintiff also seeks an award of attorney's fees, which would increase this amount. However, because it has already been shown that the amount in controversy exceeds $75,000, it is unnecessary to analyze the amount of a potential fee award.

\*          \*          \*

Because Defendant has shown by a preponderance of the evidence that there is diversity of citizenship and that the amount in controversy exceeds $75,000, there is subject matter jurisdiction over this action.

**IV.    Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DT |